Robert W. KING, Plaintiff,

v.

FAYETTE COUNTY, Defendant.
(3 Cases)

Civ. A. Nos. 81–2074 to 81–2076.

United States District Court,
W. D. Pennsylvania.

Nov. 30, 1981.

Robert W. King, pro se.

## MEMORANDUM OPINION

DIAMOND, District Judge.

After grant of leave of Court to proceed in forma pauperis,. the plaintiff, Robert W. King, filed pro se complaints in these three captioned cases. After review of the complaints, the court finds that they are legally defective under Rule 8(a) of the Fed.R. Civ.P. and legally and factually frivolous under 28 U.S.C. § 1915, and therefore is constrained to dismiss the actions sua sponte.[1]

As near as can be determined by the Court, the complaints allege that officers

---

1. This plaintiff previously filed an action seeking to recover damages from the United States Navy. That suit, which also was assigned to this member of the court, was dismissed under the "Feres" doctrine. *Feres v. U. S.*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). While we are not prepared at this point to find a pattern of abusive pro se actions by this litigant

and/or agents of Fayette County, Pennsylvania, the Fayette County Community Mental Health Center and the City of Connellsville, Pennsylvania, engaged in unlawful conduct causing the plaintiff harm. Each complaint is hand printed on one side of a single sheet of looseleaf paper. Two contain a specific claim for a specific amount of money damages while the third seeks an unspecified amount. None of them contains a statement of jurisdiction or a statement setting forth any basis for the underlying claim. And it is not entirely clear in any of the complaints who is being sued or precisely what conduct is being challenged. None of the complaints is signed.

The court notes the well-recognized principle that complaints drawn by pro se litigants are held to a less stringent standard than those drawn by legal counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *U. S. ex rel. Dattola v. Nat. Treasury Emp. Union*, 86 F.R.D. 496 (W.D.Pa.1980). However, we also note that the fact that no motion to dismiss is before us does not prevent dismissal if the court is convinced that the complaint is frivolous. 28 U.S.C. § 1915(d). *United States ex rel Walker v. Fayette County, Pa.*, 599 F.2d 573 (3d Cir. 1979). The test for frivolity is whether the plaintiff can make a rational argument on the law or facts in support of his claim. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976).

In passing on the complaints in these actions the court must consider both the liberal pleading standard in *Haines* and the standard of frivolousness established in *Anders* and *Watson*. While Mr. King is entitled to some leeway in meeting the formal pleading requirements of the Federal Rules,

there is a limit to the indulgence of the law and resultant imposition on the defendants. *Dattola*, 86 F.R.D. at 499.

We recognized in *Dattola* that in spite of the liberal construction imposed by *Haines*, there are instances where a pro se complaint is deemed insufficient to withstand dismissal. *Id.* We specifically cited Judge Sirica's opinion in *Brown v. Califano*, 75 F.R.D. 497 (D.C.1977) wherein he dismissed a complaint which he deemed to be "... a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies ... [containing] an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Brown* at 499; *Dattola* at 499. Relying on that reasoning and the reasoning of similar cases, we granted the motion to dismiss the complaints in *Dattola*. We held that where the complaints filed are so confusing that the defendants cannot possibly file meaningful replies they must be stricken for noncompliance with Rule 8(a). *Dattola* at 499.

We find the complaints in these cases so confusing and vague that no party can possibly understand and reply to them. Therefore, they are deficient under Rule 8(a) and we dismiss them for the reasons set forth in *Dattola*. The record here reveals that the plaintiff was given four opportunities to state his claims in a manner acceptable under the Federal Rules.[2] What is before us on this fourth attempt are unintelligible claims against various political subdivisions and their agents with no plain and simple statements giving those charged an opportunity to investigate and frame replies. We believe that to permit the plaintiff a further opportunity to state his claims

sufficient in itself to form the basis for dismissal of these actions, see *Green v. Jenkins*, 80 F.R.D. 686, 689 (W.D.Miss.1978), we do detect the emergence of such a pattern and that was one of the bases for our sua sponte action.

**2.** The plaintiff's papers were first received on October 20, 1981. They were returned to him on October 21, 1981, by the Clerk of Court for non-compliance with the Federal Rules. On

November 2 and November 6, 1981, the plaintiff was twice again returned his papers for failure to comply with the Federal Rules. The fourth receipt of his complaints was accepted and docketed on November 17, 1981. Copies of the correspondence accompanying the instances of return of the plaintiff's papers are docketed in civil action 81–2074.

would be futile and an abuse of the judicial system.

Moreover, in addition to the defects under Rule 8(a), the complaints here are frivolous. The plaintiff has pled nothing which can be characterized as having arguable substance in law or in fact.

■ In civil action 81–2074 he apparently charges an individual connected with a Manpower program with improperly refusing to process a grievance. There is no allegation that this occurred because of some unlawful discrimination or unlawful deprivation of a property right or entitlement. Without more, we find this complaint to be frivolous in law and in fact.

■ In civil action 81–2075, the plaintiff appears to charge the Fayette County Community Mental Health Center with malpractice. In addition to the complaint in that action, there is a rambling, incomprehensible letter from the plaintiff to the clerk of this court. These papers, taken together, at best appear to allege a negligent deprivation of constitutional rights. The Supreme Court has refused to recognize a cause of action for violation of ones constitutional rights based upon an act or acts of negligence. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Procunier v. Naverette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

In civil action 81–2076, the plaintiff is apparently charging the City of Connellsville, Pennsylvania with unlawfully denying him a civil service test application. Again, there is no allegation of an unlawful act of discrimination or unlawful deprivation of a property right or entitlement cognizable under any federal law. Therefore, this suit is also frivolous in law and in fact.