**Arthur J. McBRIDE, Plaintiff-Appellant,**

v.

**Gary SOOS and Lamar Haney, Defendants-Appellees.**

**Nos. 81–1851, 81–1905.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1982.

Decided June 8, 1982.

Robert Leirer Justice, Logansport, Ind., for plaintiff-appellant.

John D. Ulmer, Goshen, Ind., for defendants-appellees.

Before SPRECHER * and BAUER, Circuit Judges, and BONSAL,** Senior District Judge.

BAUER, Circuit Judge.

This § 1983 cause of action [1] is on appeal before us for the second time. Plaintiff Arthur J. McBride's complaint alleges that Indiana law enforcement officers Gary Soos and Lamar Haney illegally extradited McBride from Missouri to Indiana in violation of the fourth and fourteenth amendments. The district court dismissed McBride's complaint for failure to state a claim upon which relief could be granted. On appeal we held that a complaint alleging noncompliance with applicable extradition law states a cause of action under 42 U.S.C. § 1983. We reversed the district court judgment and remanded the case for further proceedings consistent with our opinion. *McBride v. Soos*, 594 F.2d 610 (7th Cir. 1979). Following a bench trial on remand, the district court entered judgment for defendants Soos and Haney. *McBride v. Soos*, 512 F.Supp. 1207 (N.D.Ind.1981). McBride appeals and defendants cross-appeal. We affirm.

---

* Judge Sprecher heard oral argument and participated in the conference which followed. He died May 15, 1982 and did not participate in the preparation or approval of this opinion.

** The Honorable Dudley B. Bonsal, Senior Judge of the United States District Court for the Southern District of New York, is sitting by designation.

1. 42 U.S.C. § 1983.

## I

After we remanded this cause in 1979, Soos and Haney amended their answer to plead the affirmative defense of good faith. McBride filed a rule 38(b), Fed.R.Civ.P.,[2] motion for a jury trial on the good faith issue and a rule 39(b), Fed.R.Civ.P.,[3] motion for a jury trial on all other issues. Rule 38(b) provides that a party must make a demand for a jury trial on an issue triable of right to a jury within ten days after the last pleading directed to the issue. In the case of an amended pleading the ten day limit is revived for any factual issue raised for the first time in the amendment. *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (7th Cir. 1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). Rule 39(b) authorizes the district court to grant a jury trial even if the jury demand is untimely. McBride claimed that defendants' amended answer raised good faith for the first time, and, thus, he was entitled to a jury trial on that issue as a matter of right. He requested the court to exercise its rule 39(b) discretion and grant a jury trial on all the other issues as well. The district court held that the amended answer did not raise a new issue because defendants' good faith had already been raised by plaintiff's request for punitive damages. The court denied both motions, and the case proceeded to trial before the Honorable Allen Sharp.

The evidence adduced at trial showed that Missouri authorities acting on authority of an outstanding Indiana warrant charging McBride with robbery by fear arrested McBride in St. Louis on December 6, 1974. On December 7, 1974, McBride refused to waive extradition and return to Indiana voluntarily. He remained incarcerated in Missouri until he was extradited on January 5, 1975.

On December 11, 1974, an Indiana grand jury indicted McBride on charges of robbery by fear and murder. The Indiana authorities then issued a warrant charging McBride with murder. On December 12, 1974, a Missouri magistrate issued a fugitive warrant for McBride's arrest pursuant to the Indiana charges.

On January 7, 1975, the Indiana Governor issued an extradition warrant for McBride. The warrant authorized Indiana law enforcement officers Edward N. Robinson and R. Terry Snyder to receive McBride from the Missouri authorities for return to Indiana. After examining the Indiana extradition warrant, the Missouri Governor issued a Governor's Warrant on January 16, 1975, authorizing McBride's arrest and extradition.

On January 24, 1975, Soos and Haney were assigned to travel to Missouri to retrieve McBride. Defendants' superiors informed them that McBride had waived extradition. When the defendants arrived in Missouri, the Missouri authorities also told them that McBride had waived extradition. Soos and Haney returned McBride to Indiana on January 25, 1975.

The gravamen of McBride's claim against the defendants is that they deprived him of due process by extraditing him to Indiana without first complying with all the requirements of the Missouri extradition laws. McBride's case consisted of evidence (1) that he was not afforded a post-arrest hearing "with all practicable speed" as required by Mo.Ann.Stat. § 548.141,[4] (2) that

---

**2.** Rule 38(b), Fed.R.Civ.P., provides:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

**3.** The court denied McBride's rule 39(b) motion because defendants would be prejudiced by a

grant of jury trial so late in the proceedings. Rule 39(b), Fed.R.Civ.P., provides:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

**4.** Section 548.141 provides, in pertinent part, that a person arrested "without a warrant upon reasonable information that the accused stands

the December 12, 1974 Missouri fugitive warrant failed to specify a definite period of commitment less than thirty days as required by Mo.Ann.Stat. § 548.151,[5] and (3) that he was not afforded a pre-extradition hearing as required by Mo.Ann.Stat. § 548.101.[6] Defendants moved for a directed verdict at the close of plaintiff's case. The district court denied the motion, whereupon the defendants presented their defense.

At the close of trial, Judge Sharp reserved judgment and requested that the parties file post-trial briefs. Before Judge Sharp entered any findings of fact or conclusions of law, McBride filed a motion requesting that Judge Sharp recuse himself. Judge Sharp granted the motion, and the parties agreed to submit the case to the Honorable Robert Grant for a decision based on the transcript.

The district court entered judgment in favor of defendants. The court found that the violations of Mo.Ann.Stat. §§ 548.141 & 548.151 occurred weeks before defendants were even assigned to travel to Missouri to retrieve McBride. The court further found that

> [t]he responsibility and duty to comply with these specific Missouri statutes rested entirely and exclusively with Missouri law enforcement officials. Defendants had no relationship to or involvement with the alleged failure to have taken McBride before a judge or magistrate

charged in the courts of a state [with a felony] ... must be taken before a jury or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest ...."

5. Section 548.151 provides, in pertinent part, that if it appears at the § 548.141 hearing that the arrestee has been charged with the crime alleged and is a fugitive from the demanding state, the judge may issue a warrant authorizing the arrestee's commitment for a specified time not to exceed 30 days. Section 548.171 authorizes the judge to recommit the arrestee for an additional 60 days if the Governor's Warrant authorizing extradition has not been issued before the expiration of the first 30 days. McBride was committed a total of 50 days without a § 548.171 recommitment being ordered.

with "all practicable speed" following his warrantless arrest, the failure of the judge to specify a defined period of commitment in the fugitive warrant or the failure of Missouri authorities to have a judge formerly recommit McBride after expiration of the initial 30 day maximum term.

512 F.Supp. at 1211. The court held that Soos and Haney could not be held liable for the alleged violation of §§ 548.141 & 548.151 because they neither caused nor participated in the violation of the Missouri statutory provisions. *Id.*

The court, however, did find that defendants were personally involved in causing the violation of Mo.Ann.Stat. § 548.101. The court stated:

> This Court agrees with the defendants' basic premise that compliance with § 548.101 is the primary duty of Missouri law enforcement authorities .... But there existed a separate and independent duty with the defendants to ensure that McBride received the statutory protections available.

512 F.Supp. at 1211. Defendants' failure to ensure that the statutory hearing had been held caused McBride's deprivation in part. The court, however, did not impose liability against defendants because it found that they acted in good faith. *Id.* at 1213. The court held, in the alternative, that even if the defendants did not act in good faith, McBride failed to prove any actual damages.

6. Section 548.101 provides in pertinent part that:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel, and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of *habeas corpus*.

Mo.Ann.Stat. § 548.101.

On appeal McBride claims that the district court erred in denying his requests for a jury trial. He also claims that the court erred in finding that defendants acted in good faith and that he failed to prove damages. Defendants' cross-appeal alleges that the court erred in holding that the agents from the demanding state have a duty to ensure that the asylum state authorities have complied with the asylum state's statutory extradition procedures.[7]

## II

A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation. *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). *Accord, Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981); *Fulton Market Cold Storage Co. v. Cullerton*, 582 F.2d 1071 (7th Cir. 1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979). We agree with the district court that Soos and Haney were not personally involved in causing the violations of Mo. Ann.Stat. §§ 548.141 & 548.151 and, thus, could not be held liable for these deprivations. We think the court erred, however, in finding that defendants were personally involved in the violation of Mo.Ann.Stat. § 548.101. Section 548.101 requires the Missouri authorities to hold a judicial hearing before delivering the fugitive to the demanding state,[8] but imposes no duty on the demanding state agents to ensure that this pre-extradition hearing is held. It is unreasonable to require the demanding state agents to be familiar with the procedural safeguards enacted in the asylum state's extradition statutes and then further require them to ensure that the statutory safeguards have been followed. Defendants neither caused nor participated in the failure to hold a § 548.101 pre-extradition hearing. Therefore, they cannot be held liable for this deprivation.

In reaching our decision we have been guided by a recent Eighth Circuit opinion in an analogous case. In *Brown v. Nutsch*, 619 F.2d 758, 765 (8th Cir. 1980), the court held that a complaint alleging that state extradition laws were violated states a cause of action under § 1983. The court further held, however, that the plaintiff failed to state a cause of action against the named defendants because the defendants, the demanding state agents, had not violated any extradition laws. The plaintiff alleged that the defendants deprived him of due process (1) by failing to determine the validity and authenticity of the papers requesting and granting extradition, (2) by failing to determine that he was actually the person named in the extradition papers, and (3) by failing to determine that he was a fugitive from justice. The court held that because "[t]he police officers of the demanding state, carrying out a facially valid extradition, have no duty" to ensure that the extradition papers are in order and that the individual returned is actually the fugitive named in the papers, the defendants could not be held personally liable. *Id.* at 765. Any cause of action Brown might have is against those who bore the statutory duty to ensure that the extradition papers were in order.

Like the defendants in *Brown*, Soos and Haney had no duty to determine that the Missouri authorities followed Missouri extradition law. Soos and Haney did all that they were statutorily required to do before accepting custody of McBride from the Missouri authorities and returning him to Indiana. Soos and Haney neither caused nor participated in McBride's deprivation, and, therefore, McBride has no cause of action against them. *Accord, Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974).[9] Because

---

7. McBride moved to dismiss defendants' cross-appeal for failure to state an issue. Defendants have stated an issue they desire us to review. Defendants are challenging the court's ruling that they were personally involved in causing McBride's deprivation because they had a duty to ensure that he received a pre-extradition

hearing as required by Missouri law. We deny plaintiff's motion.

8. *See* note 6 *supra*.

9. Potter filed a § 1983 cause of action against the County Sheriff alleging a deprivation of due process caused by the imposition of excessive

McBride failed to prove a cause of action against Soos and Haney, the district court should have granted defendants' motion for a directed verdict at the close of McBride's case.

### III

McBride claims that the court erred in denying his rule 38(b) motion for a jury trial and requests that we reverse and remand this case for a jury trial on the issue of good faith.[10] Defendants claim that McBride waived his right to a jury trial by stipulating to submit the case to Judge Grant for a decision based on the transcript. Rule 39(a)(1), Fed.R.Civ.P.[11]

Even if we were to assume that the district court erred in denying McBride's rule 38(b) motion, any error was harmless. Because McBride failed to prove a cause of action against Soos and Haney, the district court should have granted defendants' motion for a directed verdict at the close of plaintiff's case. Therefore, even if a jury had been empaneled, it should not have been permitted to decide McBride's claim. Because any error that occurred was harmless, we need not reach the merits of McBride's claim on this issue.[12]

The judgment from which McBride appeals and defendants cross-appeal is

Affirmed.

---

bail pending trial. The district court dismissed the complaint. We affirmed, holding that "[p]laintiff cannot be heard to bring an action against defendant for excessive bail. The bail was set by a state court judge and defendant, as County Sheriff, was merely following an order of the Court." *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974).

10. McBride also requests that we instruct the court on remand to reconsider whether to grant McBride's rule 39(b) motion.

11. Rule 39(a)(1), Fed.R.Civ.P., provides in pertinent part that:

The trial of all issues [for which trial by jury has been timely demanded] shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury . . . . .

12. Because we find that McBride failed as a matter of law to prove that defendants were personally involved in the deprivations he alleges, we need not reach McBride's claim that the court erred in finding that defendants acted in good faith.