REDMANN, Chief Judge.
We granted certiorari to review an extradition order enforcing the warrant of the Governor of Louisiana for rendition of Rafael Morales to the agents of the State of New York. We now reverse that order because the supporting documents do not meet the requirements of either federal or state law.
Anyone “charged in any State with Treason, Felony, or other Crime ...,” U.S. Const, art. 4 § 2 cl. 2, is subject to interstate extradition “on Demand of the executive Authority of the State from which he fled....” The element of being “charged,” 18 U.S.C. § 3182 specifies, is shown by “a copy of an indictment found or an affidavit made before a magistrate *944 ..., charging the person demanded with ... crime, certified as authentic by the Governor or chief magistrate of the State ... from whence the person so charged has fled....”
There is no document purporting to be signed by the chief magistrate of New York, and the only document purporting to be signed by the Governor of New York (by apparently rubber-stamped signature, attested only by “Assistant Counsel to the Governor”) is the appointment of agents to receive Morales from this state. That document does not purport to certify as authentic any indictment or affidavit.
Nor does that document, or any other document, purport to embody a “Demand of the executive Authority of the State from which he fled,” art. 4 § 2 cl. 2, by showing that “the executive authority of any State ... demands any person as a fugitive from justice,” 18 U.S.C. § 3182.
The nearest thing to a demand by the “executive Authority” is a document bearing the rubber-stamped signature of R.J. Rodriguez, chairman, New York state board of parole,
(1) purportedly “Sworn to before” a notary whose signature is not rubber-stamped, and whose authority as notary purports to be certified by the rubber-stamped signature of Guy D. Paquin, Clerk of the County of Albany and of its supreme and county courts, and
(2) also purportedly authenticated, by certificate by county Judge John G. Turner by blank-dated attestation (“Given under my hand this _ day of _, 19_”) — whose signature is in turn certified by a different-looking (and not rubber-stamped) signature of the same Clerk by another blank-dated attestation — whose signature then purports to be certified by Judge Turner, by a third blank-dated attestation.
Those documents constitute neither a demand for Morales by the executive authority of New York nor the New York Governor’s certificate that any information or affidavit is authentic. Those documents do not justify, under the federal law, the delivery of Morales to the New York agents.
If state law may authorize extradition under terms more liberal than the federal requirements, Louisiana’s C.Cr.P. 263 nevertheless requires:
“A demand for the extradition of a person ... shall not be recognized by the governor unless the demand is in writing ... accompanied by: ...
“(2) A copy of a judgment of conviction or of a sentence imposed....
“[T]he copy of the ... judgment of conviction, or sentence must be authenticated by the executive authority making the demand.”
That requirement, like the federal certification requirement, is not met by the documents submitted.
This court would not block our Governor’s warrant on requisition from another state on insubstantial technicalities, just as we would not wish Louisiana’s own requisition to another state to be refused on insubstantial technicalities. A demand from the executive authority, or certification of supporting documents as authentic, is not an insubstantial technicality, however. We might accept, for example, as did In re Ierardi, 366 Mass. 640, 321 N.E.2d 921 (Mass.1975), typewritten (equal to rubber-stamped) signatures on an indictment or affidavit if the indictment or affidavit were nevertheless “certified as authentic by the Governor or chief magistrate of the State,” 18 U.S.C. § 3182. But there is no such certification here.
We pretermit inquiry into whether the judge of the magistrate section of Criminal District Court for the parish of Orleans is a “judge of a district court with criminal jurisdiction,” La.C.Cr.P. 261(5), before whom C.Cr.P. 268 requires that one arrested by our Governor’s warrant shall be taken, although we note La.R.S. 13:1346 D’s limit of the magistrate judge’s authority to specified matters “with the approval of the judges of the Criminal District Court,” suggesting that the magistrate judge is himself not a judge of the Criminal District Court (as the four magistrate commission *945 ers are not, for R.S. 13:1347 A specifies they “shall not be judges, but shall have the same ... powers, ... jurisdiction, and functions, all as is now or hereafter provided for the judge in the magistrate section

The order under review is reversed; Rafael Morales is ordered discharged 30 days from the date of this order unless, before that time, on the basis of appropriate documents from the State of New York, a new warrant for his rendition is issued by the Governor of Louisiana.