**Christine KENO, R.P.**

v.

**Sally MVROS and Paul Sisk.**

**Civ. A. No. 86–6726.**

United States District Court, E.D. Pennsylvania.

Jan. 9, 1987.

Christine Keno, R.P., pro se.

No Counsel of Record for defendant.

**1.** Plaintiff has unsuccessfully raised these claims previously in numerous suits filed in the District of New Jersey. *See Keno v. United*

## MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff has filed a civil rights complaint accompanied by a request to proceed *in forma pauperis.* Since it appears plaintiff is unable to prepay the cost for commencement of this suit, leave to proceed *in forma pauperis* is granted.

Plaintiff names as defendants Sally Mvros, the Clerk of the Third Circuit Court of Appeals, and Paul Sisk, that Court's Senior Staff Attorney. In her complaint, plaintiff mentions various New Jersey state and county officials, genocide, the banking industry, the City of Philadelphia's M.O.V.E. controversy, the pharmaceutical industry, the N.A.A.C.P., an interstate syndicate of judges, officials, and attorneys operating "one of the biggest Florida/New Jersey/United States 'inner circle' scams," and various crimes and conspiracies, all of which are somehow linked to the estate of plaintiff's late uncle.[1] Defendants Mvros and Sisk are alleged to have "used their positions as federal attorneys to block, obstruct, deny due process of each and every complaint filed against judges, officials, attorneys who have, and/or are stealing, robbing and/or embezzling the Estate, of the plaintiff's uncle, Reuben Floyd." Plaintiff requests twenty-five million dollars in compensatory damages from each defendant, and one hundred million dollars in punitive damages from each defendant. For the following reasons this complaint will be dismissed.

In evaluating complaints filed under 28 U.S.C. § 1915(d), *Proceedings in forma pauperis,* the court must make a determination as to whether the complaint makes a modicum showing of a claim for relief. *Daves v. Scranton,* 66 F.R.D. 5, 7 (E.D.Pa. 1975). *See also United States ex rel Walker v. Fayette County,* 599 F.2d 573, 575 (3d Cir.1979) (per curiam). Dismissal of this complaint pursuant to 28 U.S.C.

*States of America,* No. 86–2706 (D.N.J. July 29, 1986).

§ 1915(d) is appropriate. Even under the most liberal construction, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the allegations set forth by plaintiff demonstrate nothing to suggest what defendants did wrong to harm the plaintiff. *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd* 516 F.2d 898 (5th Cir. 1975). *See also Neal v. Miller*, 542 F.Supp. 79 (S.D.Ill.1982); *Gordon v. Secretary of State*, 460 F.Supp. 1026 (D.N.J.1978). Plaintiff's complaint is devoid of any facts demonstrating any illegal conduct on the part of defendants. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The few facts she provides about defendants' role in this judicial system "demonstrates affirmatively that [she] has no right to recover." *Ross v. Meagan*, 638 F.2d 646, 649 (3d Cir.1981) (per curiam), citing *Estelle v. Gamble*, 429 U.S. 97, 107–108 and n. 16, 97 S.Ct. 285, 292–293 and n. 16, 50 L.Ed.2d 251 (1976).

In short, plaintiff's complaint does not contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed plaintiff. *Ross v. Meagan, supra* at p. 650. There is no specification that either defendant failed to perform a required duty or improperly performed a required duty. *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971). There is nothing to indicate improper acts of either defendant or how plaintiff was injured by any illegal acts of the clerk or staff attorney. *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir.1973).

Rather, the complaint is just conclusory namecalling.

Accordingly, for the reasons set forth above, this complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).