Charles CRENSHAW

v.

Phillip CHECCHIA, James Alexander, and Chief Deputy Sheriff Stynchcombe.

Civ. A. No. 86–3542.

United States District Court, E.D. Pennsylvania.

Aug. 31, 1987.

Jeffrey D. Newby and Edward C. German, German, Gallagher & Murtagh, Philadelphia, Pa., for plaintiff.

Maureen E. Laflin, Chief Asst. City Sol., City of Philadelphia Law Dept., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Before the court in this civil rights action are motions of defendants Phillip Checchia and James Alexander for summary judgment and plaintiff's motion for permissive joinder. For the reasons now stated, defendants' motion is granted and plaintiff's motion is denied as moot.

On June 6, 1986, plaintiff filed this action *pro se* and requested leave to proceed *in forma pauperis.* On October 28, 1986, the court granted plaintiff leave to proceed *in forma pauperis,* dismissed certain of his claims as frivolous, and ordered that his non-frivolous claims could proceed.[1] Two claims remain. Plaintiff asserts a claim under 42 U.S.C.A. § 1983 (West 1981 & Supp.) against defendants Checchia and Alexander for coercing a confession. Plaintiff also asserts a claim under 42 U.S.C.A. § 1983 (West 1981 & Supp.1987) against defendants Checchia, Alexander, and Chief Deputy Sheriff Stynchombe for improper extradition from Georgia to Pennsylvania in violation of the Uniform Criminal Extradition Act. Ga.Code Ann. §§ 17–13–1—17–13–49 (1982). The complaint must be dismissed against defendant Stynchombe without prejudice for failure to make service within 120 days. *See* Order dated March 26, 1987; *see also Lovelace v. Acme Markets,* 820 F.2d 81 (3d Cir.1987); Fed.R. Civ.P. 4(j).

Defendants Checchia and Alexander moved for summary judgment in accordance with Fed.R.Civ.P. 56(b) on March 2, 1987. On April 13, 1987, counsel was appointed to represent plaintiff. Plaintiff, through his attorneys, responded to the motion for summary judgment on June 1, 1987. Summary judgment is proper:

> If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### I. *Improper Extradition*

Plaintiff alleges that he "was extradited illegally from Georgia to Pennsylvania without compulsory due process requisites, including Governors warrant, and evidentiary hearing of any kind." Plaintiff's Complaint at 4. Defendants Checchia and Alexander move for summary judgment on this claim on two grounds. First, they argue they relied in good faith on a teletype message from the Fulton County Sheriff's Office that Crenshaw had waived extradition, and on a telephone conversation confirming that message. Second, they argue that plaintiff has failed to state a claim against them under § 1983 for improper extradition because they had no duty to ensure that Georgia officials complied with their extradition procedures.

Allegations that state and/or federal extradition statutes have been violated may state a claim under 42 U.S.C.A. § 1983 (West 1981 & Supp.1987). *See Draper v. Coombs,* 792 F.2d 915, 919–21 (9th Cir. 1986); *Shack v. Attorney General,* 776 F.2d 1170, 1173 (3d Cir.1985), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342 (1986). A plaintiff may be able to recover nominal damages even if he suffered no actual damages. *See Draper,* 792 F.2d at 921–22. However, plaintiff may recover only from those persons who deprived him of his right to procedural due

---

1. Title 28 U.S.C.A. § 1915(d) (West 1966 & Supp. 1987) enables the court to dismiss any *in forma pauperis* action "if satisfied that the action is frivolous or malicious." The test for frivolousness is "whether the plaintiff can make a rational argument in support of his claim." *King v. Fayette County,* 92 F.R.D. 457, 458 (W.D.Pa. 1981) (citing *Anders v. California,* 386 U.S. 738,

744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The court's initial determination that the complaint was not frivolous or malicious is not inconsistent with dismissing a complaint for failure to state a claim or granting summary judgment. *Abbott v. Owens,* No. 86–7225, Slip Op. at 4 (E.D.Pa. August 27, 1987).

process before extradition. *See McBride v. Soos*, 679 F.2d 1223, 1227–28 (7th Cir.1982).

Since this suit was instituted, the Supreme Court has on two occasions emphasized the mandatory nature of extradition and the limited scope of "pre-extradition" proceedings. In *California v. Superior Court*, — U.S. —, 107 S.Ct. 2433, 96 L.Ed.2d 332 (1987), the Supreme Court held that under the Extradition Clause of the United States Constitution, Art. IV, § 2, cl. 2, and the Extradition Act of 1793, 18 U.S. C.A. § 3182 (West 1985), the asylum state (here Georgia) must deliver a fugitive to the demanding state's agent (here Pennsylvania) if a properly certified indictment or affidavit charging a crime is lodged against the fugitive. *Id.* at —, 107 S.Ct. at 2438. At a pre-extradition hearing, the asylum state may do no more than ascertain whether the requisites of the Extradition Act have been met; the asylum state may make only four inquiries:

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Id.* (quoting *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). In *Puerto Rico v. Branstad*, — U.S. —, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987), the Supreme Court overruling *Kentucky v. Dennison*, 65 U.S. (24 How.) 66, 16 L.Ed. 717 (1861), in part, reaffirmed that the Extradition Clause's commands are mandatory and afford no discretion to executive officers of the asylum state. 107 S.Ct. at 2807.

■ Nowhere has the Supreme Court or the Court of Appeals for the Third Circuit suggested that the demanding state has an obligation to ensure that the asylum state has complied with pre-extradition proceedings. The Courts of Appeals for the Seventh and Eighth Circuits have held that the officials of the demanding state have no obligation to ensure that pre-extradition proceedings are proper. *McBride v. Soos*, 679 F.2d 1223, 1225 (7th Cir.1982); *Brown v. Nutsch*, 619 F.2d 758, 765 (8th Cir.1980); *cf. Baker v. McCollan*, 443 U.S. 137, 143–47, 99 S.Ct. 2689, 2694–96, 61 L.Ed.2d 433 (1979). We agree.[2]

If plaintiff were able to state a claim against defendants Checchia and Alexander for improper extradition, the court would allow plaintiff the opportunity to take discovery before determining whether the defendants were entitled to good faith immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Scheuer v. Rhodes*, 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1692, 40 L.Ed.2d 90 (1974). But under governing law there is no genuine issue of fact material to this claim. Defendants Checchia and Alexander are entitled to judgment as a matter of law; their motion is granted.

■ Plaintiff has moved for permissive joinder of Georgia officials who allegedly deprived him of his constitutional rights by failing to provide him with proper pre-extradition proceedings. It is unlikely that this court would exercise personal jurisdiction over those defendants; nor would venue be proper here. The court will deny plaintiff's motion for permissive joinder; plaintiff may pursue his claim against Georgia officials in the United States District Court for the District of Georgia.

## II. Coerced Confession

Upon arrival back in Pennsylvania, petitioner contends that he was subjected to a "rigorous and grueling" interrogation, "handcuffed to a chair, with the cuffs excessively constrictive to the extent, that it impeded the flow of blood and caused the petitioner substantial inconvenience and pain," and that Checchia and Alexander "at various time [sic] threatened the petitioner with physical harm, 'if the petitioner did

2. We express no opinion on whether a plaintiff could assert a claim under 42 U.S.C.A. § 1983 (West 1981 & Supp.1987) against officials of the demanding state if demand for extradition was made against a person who was not substantially charged in the demanding state or if a proper demand were made. Mr. Crenshaw has made no such allegation.

not sign a written statement fabricated by the police.'"

 It is uncontested that plaintiff raised the issue that his confession was coerced in a pretrial suppression hearing before the Honorable Albert F. Sabo on October 11, 1985. *See* Defendants' Motion for Summary Judgment, Exhibit G. Defendants Checchia and Alexander move for summary judgment on this claim because plaintiff is collaterally estopped from relitigating this issue. Plaintiff may not relitigate issues decided against him in state criminal proceedings, *see Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), in this § 1983 action if plaintiff had a full and fair opportunity to litigate the issue in the state criminal proceedings, *see Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986). Plaintiff does not argue that he was not provided a full and fair opportunity to litigate this issue during the suppression hearing; a review of the transcript of the hearing demonstrates that plaintiff did have a full and fair opportunity to litigate whether his confession was coerced. Because plaintiff is collaterally estopped from relitigating the issue of whether defendants coerced his confession, defendants are entitled to judgment on this claim as a matter of law.

An appropriate Order follows.

### ORDER

AND NOW, this 31st day of August, 1987, upon consideration of the motion of defendants Phillip Checchia and James Alexander for summary judgment and plaintiff's motion for permissive joinder, for the reasons stated in the foregoing Memorandum, it is ORDERED that:

1. The motion of defendants Checchia and Alexander for summary judgment is GRANTED.

2. Plaintiff's motion for permissive joinder is DENIED without prejudice as moot.

3. The complaint against defendant Styncombe is DISMISSED without prejudice for failure to make service within 120 days. Fed.R.Civ.P. 4(j).

4. The Clerk of this court is directed to mark this civil action closed.