Christine KENO, R.P.

v.

Nancy DAVIS, et al.

Civ. A. No. 87–5742.

United States District Court,
E.D. Pennsylvania.

Sept. 16, 1987.

Christine Keno, R.P., pro se.

OPINION

KATZ, District Judge.

Plaintiff has filed a civil rights complaint as well as a petition to proceed *in forma pauperis.* As it appears that plaintiff is unable to pay the costs of commencing this suit, leave to proceed *in forma pauperis* is granted.

Plaintiff's complaint names as defendants over 70 individuals including various Internal Revenue Service Agents, politicians, prosecutors, private attorneys, Florida and New Jersey state judges and federal court judges, as well as "selected 3rd-party-fronts and holders, accomplices and co-conspirators." She alleges that all of these individuals have engaged in and continue to engage in a widespread conspiracy to deprive her of her property and of the inheritance bequeathed to her by her late uncle, Reuben Floyd. Plaintiff insists that her money and her property have been "converted to certain members of organized crime within the judiciary and/or government" and that as part of this conspiracy her previous complaints [1] have been unfairly and unscrupulously dismissed as frivolous. She demands five million dollars in compensatory damages from each de-

---

1. Ms. Keno has filed numerous petitions against many of the same defendants asserting similar claims both in the Eastern District of Pennsylvania and the District of New Jersey, all of which have been unsuccessful. *See Keno v. Mvros, et al.*, 113 F.R.D. 634 (E.D.Pa.1987), appeal dismissed, 86–6726 (3d Cir.1987); *Keno v. United States of America*, No. 86–2706 (D.N.J. July 29, 1986).

fendant as well as twenty-five million dollars in punitive damages from each of the over 70 defendants.

28 U.S.C. § 1915(d) provides that a complaint filed *in forma pauperis* may be dismissed if the court is "satisifed that the action is either frivolous or malicious." In order to avoid a dismissal for frivolity under § 1915(d) a complaint must present a colorable legal argument, *Dreibelbis v. Marks*, 675 F.2d 579, 580 (3d Cir.1982); *see also United States ex rel Walker v. Fayette County*, 599 F.2d 573, 575 (3d Cir. 1979) (per curiam), with a realistic chance of ultimate success on the merits. *Clark v. Zimmerman*, 394 F.Supp. 1166, 1178 (E.D. Pa.1975); *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D.Pa.1975). If the plaintiff is unable to make a rational argument on the law or facts in support of his or her claim the complaint may be deemed frivolous and is subject to § 1915(d) dismissal. *King v. Fayette County*, 92 F.R.D. 457, 458 (W.D. Pa.1981); citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The plaintiff here has been unable to present a single rational legal theory to afford her relief nor has she presented any facts which support her claims, and therefore her complaint is properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

Even with the most generous of readings plaintiff's complaint is nothing but a compilation of vague and accusatory personal attacks devoid of any specific facts which could give credence to her allegations.

Accordingly, for the reasons set forth above, this complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).