Marianne M. **WILBERT**, Plaintiff,

v.

**CITY OF CHICAGO**, a municipal corporation, M. Tantilla (Star No. 10034), and N. Burke (Star No. 14356), Defendants.

No. 91 C 1259.

United States District Court,
N.D. Illinois, E.D.

Aug. 1, 1991.

**254**

Marianne M. Wilbert, pro se.

Kelly R. Welsh, Corp. Counsel, City of Chicago, by Timothy J. Frenzer, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

In baseball, after three strikes the batter is out. Plaintiff Marianne Wilbert has already filed two amended complaints in this case. The defendant City of Chicago (which also brings its motion on behalf of the police officers) ("City") wants to call a second strike on plaintiff and deny her the opportunity for a third. Toward that end, the City has filed a motion to dismiss Wil-

bert's second amended complaint with prejudice. Unlike the City, the court is willing to give plaintiff a third try. For the reasons stated below, Wilbert's second amended complaint is dismissed without prejudice.

Wilbert has brought suit against the City as well as two city police officers for injuries allegedly suffered in connection with an arrest and an apparent detention at a Chicago police station. The city and officers are claimed to have violated 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) through actions taken contrary to Wilbert's fourteenth amendment rights.[1] The City renews its arguments from previous motions to dismiss. It is the City's contention that Wilbert wrongly persists in bringing claims against the City of Chicago under a *respondeat superior* theory, rather than pursuant to the holding of *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). And, now that the police officers have been added, the City also contends that the claims against the officers must be consistent with *Monell* since the officers are sued only in their official capacities. In addition, the City claims that Wilbert's conspiracy count lacks essential elements.

Since Wilbert is a *pro se* plaintiff, her amended complaint must be construed liberally. "[U]nless it appears beyond doubt that [she] can prove no set of facts in support of [her] claim which would entitle [her] to relief," a motion to dismiss must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Even with this standard, though, the court is in agreement with the City that Wilbert has failed to properly plead her claims.

### *42 U.S.C. § 1983 Claims*

To bring suit against a municipal entity, like the City of Chicago, under a 42 U.S.C. § 1983 theory, Wilbert must claim that she has been deprived of her constitutional rights pursuant to a city policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct.

---

**1.** As relief, Wilbert asks for compensatory and punitive damages. However, "punitive damages are not available under § 1983 against the City

or against the City officials sued in their official capacities." *Holly v. City of Naperville*, 571 F.Supp. 668, 673 (N.D.Ill.1983).

at 2037–38. Proof of a single incident is not sufficient. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). In fact, if factual allegations relating to only one specific injury are included in a complaint, it may be construed that the occurrence was merely an isolated event unrelated to the municipality's policy. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Wilbert must allege that the unconstitutional deprivation was caused by "a pattern or series of incidents of unconstitutional conduct" engaged in by the municipality. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir.1981).

■ Unfortunately, Wilbert has failed to include these allegations of policy or custom in her second amended complaint. Instead, she has only included factual allegations relating to her particular injuries. Without more, her claims against the City are simply insufficient.

■ Her claims against the officers are also insufficient at this time. In a 42 U.S.C. § 1983 suit, city officials may be sued in both their individual and official capacities. For an official to be sued in his individual capacity, he must have caused or participated in an alleged constitutional deprivation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir.1982). He is then personally responsible for any judgment entered against him. *Henry*, 808 F.2d at 1237. If an official is sued in his official capacity, it is the same as if the city were sued. *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir.1987). Thus, an official capacity suit must also contain the elements set forth in *Monell*. Should a plaintiff fail to elect the capacity in which she is suing an official, it will be presumed that the official is sued solely in his official capacity. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir.1990).

■ Here, Wilbert has not designated the capacity in which she is suing the two officers. Therefore, the court must assume that the suit has been brought against the police officers in their official capacities. Since Wilbert has not brought a sufficient claim against the City, the court must also find that the claims against the officers are insufficient for the reasons previously stated.

### 42 U.S.C. § 1985 Claim

■ In her second amended complaint, Wilbert has added a new count. In addition to her § 1983 claims, she alleges that the City violated 42 U.S.C. § 1985(3) by depriving her of equal protection. However, her complaint is completely lacking in any factual bases to support such a claim. To show a § 1985(3) violation, a plaintiff is required to allege and prove a conspiracy to deprive any person of the equal protection of the laws or of equal privileges and immunities under the laws, and an act in furtherance of the conspiracy whereby a person is either injured or deprived of any right or privilege of a citizen of the United States. *Grimes v. Smith*, 776 F.2d 1359, 1363 (7th Cir.1985). Here, there is no sign of conspirators, a conspiracy, racial animus or any of the other elements which are necessary to establish a 42 U.S.C. § 1985 violation. In fact, Wilbert has not even identified the equal protection deprivation. Accordingly, the court finds Wilbert's § 1985(3) claim to be insufficient.

The court dismisses Wilbert's second amended complaint without prejudice.[2] Plaintiff is given leave to file an amended complaint within thirty days which addresses the deficiencies described herein.

IT IS SO ORDERED.

---

**2.** Near the end of her complaint, Wilbert also appears to bring a libel claim under state law. That claim is dismissed at this time for lack of jurisdiction, as all federal claims have been dismissed.