14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Erico DAVIAS, a/k/a Eric E. Davis, Plaintiff, Appellant,
v.
STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees.
Erico DAVIAS, Plaintiff, Appellant, v. Cleveland,
v.
Cleveland WATERS and BASS, P.A., Defendant, Appellee.
 Nos. 93-1405, 93-1424.
 United States Court of Appeals,
First Circuit.
 December 15, 1993
 
 Appeal from the United States District Court for the District of New Hampshire
 Appeal from the United States District Court for the District of New Hampshire.
 Erico Davias, a/k/a Eric Davis, on briefs pro se.
 Jeffrey R. Howard, Attorney General of New Hampshire,
 Senior Assistant Attorney General, on brief for appellees, State of New Hampshire and Judd Gregg.
 Wayne C. Beyer and Richard C. Dale, II on Memorandum in Support of Motion for Summary Affirmance, for appellee, Cleveland, Waters and Bass, P.A.
 D.N.H.
 AFFIRMED
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Hon. Steven J. McAuliffe, U.S. District Judge
 Per Curiam.
 
 
 1
 We affirm the judgments in both of these consolidated appeals. In No. 93-1405, we do so substantially for the reasons articulated by the district court in its comprehensive trio of decisions. We add only that, even if plaintiff had a right under Louisiana law to appeal from the extradition order, see, e.g ., State v. Hegwood, 510 So.2d 380 (La. 1987); State v. Morales, 478 So.2d 943 (La. App. 1985), plaintiff has failed to demonstrate that the New Hampshire state defendants were in any way involved with, or otherwise accountable for, any abridgement of that right. See generally McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982) ("It is unreasonable to require the demanding state agents to be familiar with the procedural safeguards enacted in the asylum state's extradition statutes and then further require them to ensure that the statutory safeguards have been followed.").
 
 
 2
 In No. 93-1424, we need not decide whether defendant, a private law firm, can be said to have acted under color of state law. It suffices to conclude, as explained by the Magistrate-Judge in his Report and Recommendation, that defendant in any event was under no constitutional obligation to affix a legend to the mail it sent to plaintiff designating such correspondence as "legal and confidential." Plaintiff's dispute is not with defendant but rather with the New Hampshire prison regulations that govern the opening and reading of mail received by inmates. Because the law in this area is unsettled,[1] our affirmance is without prejudice to plaintiff filing a separate action against appropriate prison officials challenging such regulations.
 
 
 3
 The judgments are affirmed.
 
 
 
 [1]
 See generally, e.g., Brewer v. Wilkinson, 3 F.3d 816 (5th Cir. 1993); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304 (7th Cir. 1993) (per curiam); Knop v. Johnson, 977 F.2d 996, 1012 (6th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351 (5th Cir.) (per curiam), cert. denied, 112 S. Ct. 2974 (1992); United States v. Stotts, 925 F.2d 83 (4th Cir. 1991); Martin v. Brewer, 830 F.2d 76 (7th Cir. 1987)