USCA1 Opinion

 

 December 15, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1405 ERICO DAVIAS, a/k/a ERIC E. DAVIS, Plaintiff, Appellant, v. STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ No. 93-1424 ERICO DAVIAS, Plaintiff, Appellant, v. CLEVELAND, WATERS AND BASS, P.A., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Erico Davias, a/k/a Eric Davis, on briefs pro se. ______________________________ Jeffrey R. Howard, Attorney General of New Hampshire, and Stephen __________________ _______ J. Judge, Senior Assistant Attorney General, on brief for appellees, _________ State of New Hampshire and Judd Gregg. Wayne C. Beyer and Richard C. Dale, II on Memorandum in Support _______________ ____________________ of Motion for Summary Affirmance, for appellee, Cleveland, Waters and Bass, P.A. ____________________ ____________________ Per Curiam. We affirm the judgments in both of these __________ consolidated appeals. In No. 93-1405, we do so substantially for the reasons articulated by the district court in its comprehensive trio of decisions. We add only that, even if plaintiff had a right under Louisiana law to appeal from the extradition order, see, e.g., State v. Hegwood, 510 So.2d 380 ___ ____ _____ _______ (La. 1987); State v. Morales, 478 So.2d 943 (La. App. 1985), _____ _______ plaintiff has failed to demonstrate that the New Hampshire state defendants were in any way involved with, or otherwise accountable for, any abridgement of that right. See ___ generally McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. _________ _______ ____ 1982) ("It is unreasonable to require the demanding state agents to be familiar with the procedural safeguards enacted in the asylum state's extradition statutes and then further require them to ensure that the statutory safeguards have been followed."). In No. 93-1424, we need not decide whether defendant, a private law firm, can be said to have acted under color of state law. It suffices to conclude, as explained by the Magistrate-Judge in his Report and Recommendation, that defendant in any event was under no constitutional obligation to affix a legend to the mail it sent to plaintiff designating such correspondence as "legal and confidential." Plaintiff's dispute is not with defendant but rather with the New Hampshire prison regulations that govern the opening and reading of mail received by inmates. Because the law in this area is unsettled,1 our affirmance is without prejudice to plaintiff filing a separate action against appropriate prison officials challenging such regulations. The judgments are affirmed. ___________________________ ____________________ 1. See generally, e.g., Brewer v. Wilkinson, 3 F.3d 816 (5th _____________ ____ ______ _________ Cir. 1993); Castillo v. Cook County Mail Room Dep't, 990 F.2d ________ ___________________________ 304 (7th Cir. 1993) (per curiam); Knop v. Johnson, 977 F.2d ____ _______ 996, 1012 (6th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351 ________ _______ (5th Cir.) (per curiam), cert. denied, 112 S. Ct. 2974 ____________ (1992); United States v. Stotts, 925 F.2d 83 (4th Cir. 1991); _____________ ______ Martin v. Brewer, 830 F.2d 76 (7th Cir. 1987). ______ ______ -4-