42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeremiah THACKER, Plaintiff-Appellant,
v.
Ralph MORGAN, United States Marshal, and Richard Burton,
Deputy United States Marshal, in their Individual
and their Official Capacities,
Defendants-Appellees.
 No. 94-1068.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Nov. 29, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Jeremiah Thacker claims that appellee United States Marshals Ralph Morgan and Richard Burton violated his Fourth and Fifth Amendment rights when they took him into custody at Frankfurt airport in what was then West Germany. Appellant maintains the arrest was improper because the required extradition procedures of the relevant treaty (32 U.S.T. 1485; TIAS No. 9785) were not followed. The district court granted summary judgment on the grounds of qualified immunity.[1] We affirm.
 
 Facts
 
 2
 On April 17, 1987, appellant was a United States citizen living in West Germany and a fugitive from an Indiana conviction. It is uncontested that appellant had been ordered to leave West Germany and was at the Frankfurt airport on that date. It is also uncontested that appellees had been notified by the United States Marshal's Service International Extradition Program that extradition of appellant from West Germany to the United States had been approved by the West German government. The extent to which formal extradition proceedings pursuant to the relevant treaty had been commenced or completed is unclear from the record. It is also uncontested that appellees had further contact with German officials at the airport and documents were exchanged relevant to the appellant's transfer to the appellees. It is also uncontested that the appellees took appellant into custody on April 17, 1987 and returned him to the United States. How such "custody" was achieved is disputed. Appellant maintains that he was not in West German custody, but merely standing in line to buy a plane ticket at the airport when the appellees "abducted" him. Appellees maintain appellant was in West German custody and that the West German officials transferred appellant to the appellees.[2]
 
 
 3
 Appellant maintains that his rights under the Fourth and Fifth amendments were violated by the appellees, who took him into custody without due process and in violation of the procedural requirements of the relevant extradition treaty. Appellees based their actions on information from the Marshal's Service that appellant's extradition had been approved and the following documentation: 1) a teletype indicating that extradition was approved and that appellant would be turned over at the airport; and 2) a transfer document written in German (the title of the document translates to "Verification of Extradition").
 
 Analysis
 
 4
 The appellant raised three arguments in his very spartan brief:
 
 
 5
 1. the appellees are not entitled to qualified immunity;
 
 
 6
 2. there is a disputed factual issue as to whether the extradition proceedings were proper;
 
 
 7
 3. the district court did not allow the appellant an adequate opportunity to respond to appellee's qualified immunity defense.
 
 
 8
 The second and third arguments will be addressed first. The alleged factual issue regarding the propriety of the underlying extradition proceedings does not warrant denying the appellees' motion for summary judgment. It is undisputed that the appellees were not in any way involved in the extradition proceedings (if indeed any took place). As noted by the district court, if there were defects in the extradition procedure an action may lie against those who procured the extradition, but not the appellees. (See District Court opinion at 9).
 
 
 9
 Appellant's argument that the district court denied him an adequate opportunity to respond to the qualified immunity defense is specious. Appellees filed a memorandum and affidavits in support of their motion, and appellant responded with a memorandum and an affidavit. (See Record at 14, 15, 18, 19, 20). Further, the one motion for an extension of time filed by the appellant was granted by the district court. (See Record at 16, 17). If appellant required additional discovery to respond to the motion, appellant's counsel could have sought the appropriate relief under Federal Rule of Civil Procedure 56(f). No such relief was ever sought, and no other requests for discovery were made.
 
 
 10
 Lastly, appellant claims that on the facts the appellees are not entitled to qualified immunity. Government officials performing discretionary functions are shielded from liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would be aware. Maltby v. Winston, No. 92-1846, slip op. at 9 (7th Cir. Sept. 14, 1994) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The right must be sufficiently well-defined that a reasonable official would understand he was violating the right by his conduct. Id. at 10 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)). The burden is on the plaintiff to establish the existence of the alleged clearly established right. Donovan v. City of Milwaukee, 17 F.3d 944, 951-52 (7th Cir.1994).[3]
 
 
 11
 As was the case before the district court, appellant cites no authority for the proposition that the appellees were required to look beyond the apparently valid transfer/extradition documents, nor has appellant specified in any detail just what procedures under the treaty he was denied. As to requiring officers to look beyond valid warrants to ascertain if extradition procedures have been properly carried out, the authority is to the contrary. See McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir.1982) (state extradition statutes). Further, extradition is not a criminal prosecution subject to all rights attendant to criminal proceedings. Sahagian v. United States, 864 F.2d 509, 513 (7th Cir.1988), cert. denied, 489 U.S. 1087 (1989). In addition, individuals have no standing to challenge violations of international treaties in the absence of a protest by the sovereign involved. Matta-Ballesteros v. Henman, 896 F.2d 255, 259 (7th Cir.1990), cert. denied, 498 U.S. 878 (1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Four procedural matters require clarification. First, while the action was styled as one under 42 U.S.C. Sec. 1983, the district court properly deemed it a Bivens action. Second, the appellees had filed a motion to dismiss and/or motion for summary judgment in the district court. While the order is somewhat vague as to whether the claim was dismissed or disposed of via summary judgment, the district court's opinion makes it clear the appellees received summary judgment in their favor. Third, appellant originally brought the action against the appellees in their individual and official capacities. As appellant has not challenged the district court's decision that the appellees cannot be sued in their official capacities, this claim is waived, and we simply address the appeal as it relates to the appellees in their individual capacities. Fourth, appellant's original complaint sought compensatory and punitive damages, declaratory relief, and an injunction ordering appellees to return appellant to Germany. (Complaint at p. 9.) Given appellant has never successfully challenged his conviction, either on direct appeal or collaterally, the requested injunctive relief would run afoul of Heck v Humphrey, 114 S.Ct. 2364 (1994). This difficulty, however, was avoided in appellant's amended complaint, in which he only seeks money damages unrelated to his conviction. (Amended Complaint at p. 1.)
 
 
 [2]
 While resolving disputed issues of fact is inappropriate in the context of a motion for summary judgment, this court notes in passing that all the relevant documentation supports the appellees' version of the encounter
 
 
 [3]
 For purposes of immunity analysis, Bivens actions are not distinguished from civil rights suits brought against state officers pursuant to 42 U.S.C. Sec. 1983. Walrath v. United States, No. 93-3953, slip. op. at 6 n. 1 (7th Cir. Sept. 8, 1994)