**Donald G. HENTHORN,
Plaintiff–Appellant,**

v.

**J.D. SWINSON, et al., Defendants–Appellees.**

**No. 91–4532**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 10, 1992.

---

Donald G. Henthorn, pro se.

Dane Smith, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for defendants-appellees.

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Donald G. Henthorn, a federal prisoner, appeals the dismissal of his *Bivens* claims as frivolous under 28 U.S.C. § 1915(d). Finding no reversible error in the district court's dismissal of Henthorn's claims based on prison personnel's improper opening of his "legal mail," preventing exhaustion of administrative reme-

dies and Sixth Amendment right to counsel, we affirm.

## I

## FACTS

Henthorn filed this § 1983 suit against several federal prison officials, alleging that they denied him access to the courts by opening his legal mail outside of his presence and preventing him from exhausting his administrative remedies; and violated his Sixth Amendment rights to privacy, strategy, and mental process protected by the work-product doctrine. The defendants filed a motion to dismiss and an alternative motion for summary judgment. Henthorn filed a cross motion for summary judgment.

The magistrate judge submitted a report to the district court recommending dismissal of the complaint as frivolous under § 1915(d) because Henthorn failed to show that he was denied access to the courts or that his Sixth Amendment rights had been violated when prison officials read his legal mail. Henthorn filed objections to the report and recommendation, but the district court adopted both and dismissed the complaint without prejudice. Henthorn timely filed a notice of appeal.

## II

## ANALYSIS

A complaint filed *in forma pauperis* can be dismissed by the court *sua sponte* if the complaint is frivolous. 28 U.S.C. § 1915(d); *Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir.1986). A complaint is frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989).

### A. Opening Legal Mail

Henthorn complains that he was denied access to the courts when his legal mail was improperly opened by prison officials. He does not object generally to the regulations of the Bureau of Prisons (BOP) that require all legal mail to be opened and

checked for contraband in the presence of the inmate, but to the specific rule requiring legal mail to bear the inscription "Special Mail—Open only in presence of the inmate," and requiring counsel for the prisoner to be properly identified on the envelope. He argues that the prison officials violated his rights by opening his legal mail outside his presence simply because it failed to bear the required inscriptions, giving those officials access to Henthorn's strategies and mental processes which are protected by the work product doctrine.

■ A prison regulation that impinges on an inmate's constitutional rights may nevertheless be valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987). To determine whether a regulation is valid the Court considers

> (1) whether the regulation has a logical connection to the legitimate government interest invoked to justify it, (2) whether there are alternative means of exercising the rights that remain open to the inmates, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at *de minimis* costs to valid penological interests.

*Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir.1988) (citations omitted).

■ The BOP regulations set out separate procedures for processing general and special mail. General mail may be opened outside the presence of the inmate, checked for contraband, read for plans to perform illegal acts, and reclosed and delivered to the inmate. 28 C.F.R. § 540.14. Special mail, which includes mail from attorneys, courts, and other public officials, however, can only be opened in the presence of the inmate and checked for contraband; it may not be read or copied. 28 C.F.R. § 540.18(a). For mail to qualify as special mail under BOP rules, the sender must be adequately identified on the envelope, and the phrase "Special Mail—Open only in the presence of the inmate" must be on the front of the envelope. *Id.* The inmate is responsible for informing his attorney about the special mail requirements. 28 C.F.R. § 540.19(b). A 1988 operations memorandum clarified the regulations so that mail from a judge's chambers or a member of the U.S. Congress automatically qualifies as special mail. Other Congressional mail, mail from the clerk of court, and mail from attorneys, however, still requires the special mail phrase or similar language.

None of Henthorn's mail satisfied the special mail regulations. Therefore, if the regulations are valid, Henthorn has failed to state a constitutional claim cognizable under § 1983.

■ Clearly marked legal mail may not be censored. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988). This right is not absolute, however, and prison officials may establish reasonable regulations, such as requiring an attorney to identify himself in writing to prison officials, before they must treat mail as legal mail. *Taylor v. Sterrett*, 532 F.2d 462, 475 n. 20 (5th Cir. 1976). This court has not previously considered the BOP regulations challenged by Henthorn, but they are consistent with the regulations approved in *Taylor*.

■ The Fourth Circuit has addressed a challenge to the same BOP regulations and has held them valid under *Turner*. See *United States v. Stotts*, 925 F.2d 83 (4th Cir.1991). The regulations are reasonably related to the legitimate government interest of prison security; *Stotts*, 925 F.2d at 87–88; prisoners have a reasonable alternative means of exercising their rights to confidential legal mail; 28 C.F.R. §§ 540.18, 540.19; *Stotts*, 925 F.2d at 88; a more discretionary system of handling the mail will increase the volume of legal mail and therefore the costs, while also becoming more arbitrary; *Stotts*, 925 F.2d at 88–89; and Henthorn does not propose any reasonable alternatives to the current system. The district court properly dismissed Henthorn's claim.

Henthorn argues that *Stotts* is not controlling because the Fourth Circuit did not address whether the regulations impermissibly infringed on the attorney-client privilege. In *Taylor* this court discussed the importance of the attorney-client relationship and found that regulations requiring attorneys to identify themselves to prison officials before their mail would be treated as special mail did not undermine that relationship. *See Taylor*, 532 F.2d at 477–78. Once the attorney identifies himself the attorney-client relationship is protected. Similarly the challenged BOP regulations protect the attorney-client privilege as long as legal mail is properly marked. The court's discussion in *Taylor* answers Henthorn's contention that these regulations impermissibly infringe on the attorney-client privilege.

### B. *Administrative Remedies*

█ Henthorn also argues that he was denied access to the courts because prison officials prevented him from exhausting his administrative remedies. A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). Henthorn's complaint was initially closed administratively and placed on the inactive docket for failure to exhaust administrative remedies. After Henthorn submitted proof of exhaustion, however, the case was reopened. Henthorn was then permitted to proceed with his case and therefore has not stated a claim cognizable under § 1983. *Richardson*, 841 F.2d at 122.

AFFIRMED.