19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Gene HENTHORN, Plaintiff-Appellant,
v.
John E. HAHN; Gary Grim; Richard Thornburgh, U.S. Attorney
General; Bureau of Prisons; Department of
Justice; Michael J. Quinlin,
Defendants-Appellees.
 No. 93-5531.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILFR, Circuit Judges.
 
 ORDER
 
 1
 Donald Gene Henthorn appeals pro se from a district court judgment imposing monetary sanctions against him in a civil rights case filed under the authority of Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In the underlying civil rights case, Henthorn challenged the constitutionality of prison regulations which require inmate legal mail to be specially labeled, and alleged that the defendants had violated his constitutional rights by opening his legal mail when he was not present. The district court dismissed the complaint because the contested regulations were constitutionally valid and because this claim had already been decided against Henthorn in another case. Henthorn's appeal from the judgment of dismissal was dismissed for lack of prosecution. Thus, the merits of the civil rights case are not directly at issue in this appeal.
 
 
 3
 The district court subsequently imposed sanctions in the amount of $100 under Fed.R.Civ.P. 11 because of Henthorn's extensive history of frivolous litigation, his filing of a complaint that repeated previously litigated claims, and his filing of a motion for a default judgment when the defendants were clearly not in default. It is from this judgment that Henthorn now appeals.
 
 
 4
 Sanctions may be imposed under Rule 11 if, for any improper purpose, an attorney or party has signed and filed a pleading, motion or other paper which lacks a reasonable basis in law or fact. See Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir.), cert. denied, 498 U.S. 959 (1990). The district court retains jurisdiction to resolve collateral matters such as the imposition of sanctions, even after the underlying action has been appealed. See Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 156 (6th Cir.1988). The court's decision to impose sanctions under Rule 11 is reviewed for an abuse of discretion on appeal. Vild v. Visconsi, 956 F.2d 560, 570 (6th Cir.), cert. denied, 113 S.Ct. 99 (1992).
 
 
 5
 The district court did not abuse its discretion by imposing monetary sanctions based on Henthorn's signed complaint. The court properly found that Henthorn knew that his challenge to the constitutionality of prison regulations regarding inmate mail lacked a reasonable basis in law, as the validity of these regulations had already been determined in another case that Henthorn had filed. See Henthorn v. Swinson, 955 F.2d 351, 353 (5th Cir.) (per curiam), cert. denied, 112 S.Ct. 2974 (1992). Henthorn does not dispute this part of the district court's Rule 11 order, and it provides an independent and adequate basis for the imposition of sanctions in this case.
 
 
 6
 In addition, the court did not abuse its discretion by imposing sanctions based on Henthorn's motion for a default judgment. If Henthorn had made a reasonable inquiry before filing this motion, he would have learned that the defendants' answer had been timely filed. Henthorn now argues that an examination of prison mail logs would show that he had not received the defendants' answer when the motion was filed. However, he did not submit these logs to the district court, even though he was directed to show cause why sanctions should not be imposed. Moreover, it is undisputed that the defendants were granted an extension until at least December 4, 1991, in which to file their answer. The district court found that the answer was filed on that date, and Henthorn has not shown that this factual finding was clearly erroneous. See Fed.R.Civ.P. 52(a). Finally, we note that an examination of the original copy of the answer confirms that it was time-stamped and filed by the district court clerk on December 4, 1991.
 
 
 7
 Henthorn argues that the imposition of sanctions was unexpected and that he is unable to afford the monetary sanctions that were imposed. The nature and extent of sanctions imposed under Rule 11 also lies within the sound discretion of the district court. LeMaster v. United States, 891 F.2d 115, 120 (6th Cir.1989) (per curiam). The court did not abuse its discretion here because Henthorn had ample opportunity to demonstrate the impropriety of sanctions by responding to the district court's show cause order. Moreover, the district court properly considered Henthorn's ability to pay $100 in sanctions before they were imposed. Henthorn's remaining arguments are totally lacking in merit.
 
 
 8
 The district court had previously ordered Henthorn to seek permission before filing any future complaints and to provide the court with specific information in support of his requests. This order has been fully litigated and it is not at issue in this appeal. Nevertheless, we note that these requirements were justified by Henthorn's practice of filing numerous, redundant and meritless actions in the federal courts. An examination of Henthorn's litigation history in this court also demonstrates his persistent abuse of the judicial process. Mr. Henthorn is advised, therefore, that further sanctions may be imposed by this court if he continues to file frivolous appeals.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.