IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20268
Conference Calendar
_____


CASEY DEAN CORTHRON,

                                        Plaintiff-Appellant,

versus

MICKEY LILES, J. MATTHEWS, Sergeant,
and JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-01194
- - - - - - - - - -
(October 17, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

      Casey Dean Corthron appeals the dismissal of his civil
rights suit pursuant to 28 U.S.C. § 1915(d).  A complaint filed
in forma pauperis may be dismissed as frivolous if it lacks an
arguable basis in fact or law.  A § 1915(d) dismissal is reviewed

_____

      [*]      Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

for abuse of discretion.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 33-34 (1992)

Corthron's mail-tampering claims are not properly before this court because he failed to file a timely amended notice of appeal following the denial of his Rule 59(e) motion.  Fed. R. App. P. 4(a)(4).  Corthron's allegations regarding retaliatory conduct and the dismissal of his civil suit were not raised in the district court and this court need not consider them.  <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

Although prisoners have a constitutionally protected right of access to the courts and prison officials are required to supply inmates with adequate law libraries to comply with that right, a claimant must show that his legal position was prejudiced by an alleged violation to prevail on a denial-of-access-to-the-courts claim.  <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 828 (1977); <u>Henthorn v. Swinson</u>, 955 F.2d 351, 354 (5th Cir.), <u>cert. denied</u>, 504 U.S. 988 (1992).  Corthron admits that he was granted extensions until January 1995 to file his brief and that his state appeal is still pending.  Corthron has not shown the requisite prejudice.  <u>See</u> <u>Henthorn</u>, 955 F.2d at 354.  Further, Corthron has not shown that a hearing would provide sufficient additional factual development.  <u>See</u> <u>Eason v. Thaler</u>, 14 F.3d 8, 10 (5th Cir. 1994).  The district court did not abuse its discretion when it dismissed his complaint pursuant to § 1915(d).

AFFIRMED.