# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 95-40314
Summary Calendar

RONALD SUTHERLAND,

Plaintiff-Appellant,

VERSUS

WARDEN J. ZELLER; JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; P. IGLESIA,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(C-94-CV-493)

(October 11, 1995)

Before THORNBERRY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant, Ronald Sutherland, an inmate currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice, appeals the dismissal of his *pro se in forma pauperis* civil rights complaint. We affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## I. BACKGROUND

Sutherland's original complaint involved an allegation that he was denied medical care while confined at the Gurney Unit.[1] After being transferred to the Garza Unit, he filed a supplemental complaint alleging denial of dental care, naming additional defendants, and seeking monetary and declaratory relief. He also asked for an injunction ordering the defendants to refrain from denying him medical treatment, and from retaliating against him. Finally, he filed a motion for appointment of counsel in which he alleged denial of access to the courts due to the inadequacy of the prison library. After conducting a Spears[2] hearing, the district court dismissed the complaint as frivolous.

## II. DISCUSSION

The district court may dismiss a complaint as frivolous it if lacks an arguable basis in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Such dismissal is reviewed for an abuse of discretion. *Ibid.*

### A. DENIAL OF ACCESS TO COURTS

Sutherland complains that the library at the Garza Unit was inadequate and failed to meet his needs in preparing for the instant case because it had no Federal Reporters, Federal Supplements, Shepard's citators, and no Supreme Court Reporters prior to volume 100, and these sources were not available from any source offered by the defendants. He further asserts that he was unable to rebut legal arguments in responsive pleadings, read the Spears opinion or any other case quoted in the district court's orders, and complains

---

[1] Sutherland's original complaint included an assertion that he was denied medical care for his back condition. However, since he does not raise arguments on appeal regarding this claim, it is deemed abandoned. Eason, 14 F.3d at 9 n.1.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2

that he was transferred to the Segovia Unit in Edinburg, which had no law library, just ten days prior to the hearing.

Prison authorities are required to supply inmates with adequate law libraries or assistance from persons trained in the law in order to comply with prisoners' constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977). A claim of denial of access to the courts is not valid unless the litigant's position is prejudiced by the alleged violation. Henthorn v. Swenson, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).

At the Spears hearing Sutherland admitted that he had not missed any filing deadlines as the result of inadequate access to legal materials. He also admitted that he had not requested books through inter-library loan, although he was aware of that service. Sutherland has failed to demonstrate his complaint was dismissed as frivolous because of the allegedly inadequate law libraries at facilities in which he had been housed. Consequently, the district court did not abuse its discretion in dismissing this claim as frivolous.

B. RETALIATION CLAIM

Sutherland contends that because he was a "building tender" during a previous incarceration he should be protected from retaliation, and complains the district court erred when it implied that he was not entitled to an injunction because he had placed himself in jeopardy by being returned to prison. He further asserts that in retaliation for filing this lawsuit, he was transferred to a prison unit without a law library. Also, he has had his job changed fourteen times, and has been transferred nine times to seven different units. He has been denied a promotion in time earning, even though he meets the requirements for said promotion, and was denied parole without a hearing. In addition, he was denied basic dental services and threatened for filing an internal affairs inquiry. Finally, Sutherland

3

asserts he has been assigned to jobs in violation of his medical classification, and has been denied educational opportunities.

The law is well established that prison officials may not retaliate against or harass inmates for exercising their constitutional right of access to the courts. Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986). The mere assertion of a claim is insufficient. *See* Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988). If conduct alleged to constitute retaliation does not by itself raise an inference that such conduct was retaliatory, the inmate must provide sufficient factual support for his claim in order to prevail. *Ibid.*

At the Spears hearing Sutherland testified that, after filing a complaint with the Internal Affairs Division, he was forced to wait at the Office of Internal Affairs for three hours, and that during that time, officers made comments suggesting he would be punished for filing a complaint. His retaliation claim was supported by one missed dental appointment preceded by a three hour wait and a two hour lockup. He testified that his job classification had not changed, and that he was not denied good time as retaliation. Finally, although denied parole, he admitted there was no indication its denial was in retaliation. The conduct of which Sutherland complains does not, in and of itself, raise the inference that such conduct was retaliatory, and he has failed to assert sufficient facts in support of this claim. The court did not abuse its discretion in dismissing this claim as frivolous.

C. DENIAL OF DENTAL AND MEDICAL CARE

Sutherland complains that as a result of the defendants' deliberate indifference, he was denied dental and medical care. He first asserts that while housed at the Gurney Unit a six-week delay in seeing a dentist caused him pain and suffering. He further states he was denied dental examinations because of equipment failure, and that even after he had

4

received treatment, an unnecessary delay transpired before he received proper treatment. In addition, he states that after seeking medical treatment for an illness he was scheduled for an appointment with a doctor eleven days later. However, he developed a fever and was seen by a nurse on an emergency basis. After receiving treatment, he was finally seen by a doctor, who admitted him to a hospital. Sutherland argues that had the doctor seen him sooner, hospitalization would not have been required.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 296-97, 111 S.Ct. 2321, 2323 (1991). Deliberate indifference is equivalent to subjective recklessness in the criminal law; it is more than negligence but less than intent to harm. Farmer v. Brennan, __ U.S. __, 114 S.Ct. 1970, 1978-79 (1994). A prison official must know of and disregard an excessive risk to an inmate's health. *Id.* at 1979. However, an inmate's disagreement with his medical treatment does not establish a constitutional violation. *See* Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

A review of the record from the Spears hearing indicates that much of Sutherland's complaint is nothing other than disagreement with the treatment he received. Further, the record fails to demonstrate that any TDCJ official was aware that a substantial risk of serious harm existed. Although under exceptional circumstances a prison official's knowledge of a substantial risk of harm may be inferred by the obvious nature of the risk, Sutherland's circumstances are not exceptional. *See* Farmer, 114 S.Ct. at 1981-82 and n.8. The district court did not abuse its discretion in dismissing Sutherland's complaints regarding his dental and medical treatment.

## III. CONCLUSION

Sutherland fails to demonstrate that the district court erred in dismissing his complaint as frivolous. AFFIRMED.