UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40841
Summary Calendar
_____

CASEY DEAN CORTHRON,

Plaintiff-Appellant,

versus

STEVE RILEY, Detective,
McKinney Police Department;
COLLIN COUNTY, TX,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:94-CV-223
_____

June 12 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Casey Dean Corthron appeals the district court's dismissal under 28 U.S.C. § 1915(d) of his civil rights action. Corthron contends that the district court abused its discretion by dismissing with prejudice his denial-of-access-to-the-courts claims related to the prosecution of his criminal case and by dismissing

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his other denial-of-access claims on statute of limitations grounds. He also contends that he was denied appointed counsel and that the district court should not have dismissed his claim for confiscation of his wallet. Corthron asserts, for the first time on appeal, that he was not allowed to appear in court.

Corthron's denial-of-access-to-the-court claims related to the improper prosecution of his criminal case were properly dismissed by the district court because his 42 U.S.C. § 1983 cause of action does not accrue until his conviction has been invalidated. Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994). Further as he had court-appointed counsel at the time, this satisfied his right of access to the courts to defend himself. DeGrate v. Godwin, #95-30983 (5th Cir. 1996), citing United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978) (obligation to provide access to the courts was satisfied by offering defendant the assistance of counsel).

This court may affirm, on other grounds, the district court's dismissal of Corthron's other denial-of-access claims. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). After being given several opportunities to expand upon them, Corthron still alleges only conclusional denial-of-access allegations that do not sufficiently demonstrate legal prejudice. See Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992) (denial-of-access claim requires showing of legal prejudice); Jacquez v. Procunier, 801 F.2d 789,

2

793 (5th Cir. 1986) (even <u>pro se</u> plaintiff must plead specific facts to support his conclusions). Texas's tort of conversion provides an adequate post-deprivation remedy for the alleged confiscation of a prisoner's property. <u>Murphy v. Collins</u>, 26 F.3d 541, 53 (5th Cir. 1994). Corthron's claim that he was unable to appear in court does not allege a clear or obvious error that affects his substantial rights. <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), <u>cert. denied</u>, 115 S.Ct. 1266 (1995).

Corthron has had one prior appeal to this court dismissed as frivolous. <u>See</u> <u>Corthron v. Liles</u>, #95-20268 )Oct. 17, 1995) (unpublished). He is now warned that any further frivolous appeals or other pleadings to this court will incur sanctions.

<u>AFFIRMED</u>.

3