IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40858
_____


HUBERT D. GALLIEN,

                                        Plaintiff-Appellant,

                    versus

CORRECTION CORPORATION OF AMERICA;
JOE HINOJOSA

                                        Defendants-Appellees.



_____

Appeal from the United States District Court
for the Southern District of Texas
L-95-CV-4
_____

June 18, 1996

Before GARWOOD, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

    Texas prisoner Hubert Gallien, proceeding pro se, sued the
Correction Corporation of America and CCA Warden Joe Hinojosa under
42 U.S.C. § 1983, alleging that they had denied him his right of
access to the courts.  The district court granted summary judgment
for the defendants.  We affirm.

    Texas prisoner Hubert Gallien was incarcerated from September
1993 until August 1994 by the Correction Corporation of America in

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Cuero, Texas.[1]  Gallien arrived at CCA in September 1993 following his conviction in Texas state court.  After the Fourteenth Court of Appeals affirmed his conviction in November 1993, Gallien sought legal assistance at CCA because he wanted to file a Petition for Discretionary Review with the Texas Court of Criminal Appeals to challenge the admission of his post-arrest, voluntary statement, which was used to impeach his trial testimony.  The filing deadline for Gallien's PDR was December 30, 1993.  According to Gallien, he was unable to file his PDR in time because neither a law library nor legal assistance was available.

Gallien contacted Diaz, a man he believed was a CCA attorney, but Diaz could not give him any information.  Gallien also sent CCA Warden Joe Hinojosa several requests for a transfer to the Texas Department of Criminal Justice, but received no response.  Gallien then gave a letter for Warden Hinojosa to a kitchen worker who saw Warden Hinojosa daily.  The kitchen worker later relayed a verbal message from the warden that Gallien would be in the next transfer to TDCJ.  Gallien followed up by filing a formal grievance seeking a transfer to TDCJ or another facility with a law library.  A month later, Gallien was transferred to TDCJ.  He then filed a motion for an extension of time to file his PDR, but his motion was denied.

---

[1]Though CCA is a private corporation, state action exists because CCA has contracted with the State of Texas to operate and manage state prison facilities.  See West v. Atkins, 487 U.S. 42, 55-56 (1988) (holding that private doctor who contracted with state prison to provide medical care to prisoners was state actor because his actions were fairly attributable to state).

Gallien, pro se, sued CCA and Warden Hinojosa under 42 U.S.C. § 1983, alleging that they denied him his constitutional right of access to the courts by failing to provide him with adequate legal assistance or a law library. Gallien seeks money damages, an order that CCA install a law library or some other adequate system, and an order that CCA relieve Warden Hinojosa of his position.

The district court referred Gallien's action to a magistrate judge, who conducted a Spears hearing. The defendants moved for summary judgment, arguing that Gallien received written notice that a CCA attorney, Oliver Canales, was available to help him, and that Gallien did not contact Mr. Canales. The defendants also asserted that another inmate informed Gallien of the PDR procedure, and that Gallien declined to pursue it. Gallien responded by urging, inter alia, that he could not ask for specific legal materials because he did not know what to request without consulting a law library.

The magistrate judge ruled that Gallien could not prove that he was legally prejudiced because there was no merit to the claim he sought to raise in the PDR. The magistrate judge recommended that the district court grant summary judgment for the defendants.

Gallien filed objections to the magistrate judge's report and recommendation. He argued that CCA had no law library, and that there was a genuine fact issue as to whether there was a meaningful alternative to a law library. Gallien asserted that there was no attorney at CCA, and that it was impossible to research his case by requesting law books because each request took six or seven days to

fill. Gallien argued that he was legally prejudiced because he was unable to file a timely PDR; he insists that the magistrate judge could not forecast what the Texas Court of Criminal Appeals would do about his claim.

The district court overruled Gallien's objections and granted summary judgment for the defendants, dismissing Gallien's claims with prejudice. It issued a memorandum stating that the summary judgment evidence showed that CCA provided legal assistance upon request, and that Gallien knew how to request such assistance. The court stated further that Gallien was not prevented from preparing his PDR without a law library, noting Gallien's ability to prepare this § 1983 action.

Though we agree with Gallien that the magistrate judge erred in analyzing his claim of legal prejudice in terms of the weakness of the merits of his proposed PDR claim, we nevertheless conclude that the summary judgment evidence is insufficient as a matter of law to establish that Gallien was legally prejudiced. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to the court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993), (footnote omitted), cert. denied 114 S. Ct. 1081 (1993).[2] Further, the prisoner "must

_____

[2]The Supreme Court recently heard argument in a case involving the scope of a prisoner's right of access to the courts. Casey v.

4

have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts."  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996); see also Henthorn v. Swenson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992) ("A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation.").

Here, Gallien claims that he was legally prejudiced because the denial of access to the courts left him unable to file a timely PDR, or to seek an extension to do so.  There is no evidence, however, that CCA's action or inaction precluded Gallien from ascertaining the limitations period for filing his PDR or from timely contacting the Fourteenth Court of Appeals to explain his position or to seek an extension.  Hence, even assuming that CCA did not provide Gallien with adequate legal services or a law library, there is insufficient summary judgment evidence to raise a fact issue as to whether Gallien was legally prejudiced by CCA's shortcomings.  The evidence establishes as a matter of law that Gallien's legal position was prejudiced by his own failure to take the necessary action to file a timely appeal, not by CCA's denial of legal assistance.

------

Lewis, 43 F.32 1261 (9th Cir. 1994), cert. granted, Lewis v. Casey, 115 S. Ct. 1997 (1995) (argued November 1995).  The issue in Lewis was whether access to an adequate law library but without trained legal counsel satisfies a prisoner's right of access to the courts. Since we conclude that Gallien suffered no legal prejudice, his claim fails even if the defendants otherwise denied him adequate access to the courts.

5