IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-40723
Summary Calendar

ARTHUR J. THOMPSON, JR.,

Plaintiff-Appellant,

versus

DAN MORALES, Attorney General; JOHN S. APPLEMAN; GEORGE W.
BUSH, JR.; WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; JOHN DOE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-770
- - - - - - - - - -

February 15, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Arthur J. Thompson, Jr. (#539504), a state prisoner, has appealed the district court's order dismissing his civil rights action as frivolous. An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915(e)(2)(B)(i) dismissals are reviewed for abuse of discretion. Siglar, 112

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d at 193.

To prevail on a denial-of-access-to-the-courts claim, the claimant must show he was prejudiced by the alleged violation. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992). The district court concluded that Thompson had failed to show that he had been prejudiced. Although Thompson argues that he should have been permitted to amend his complaint to show prejudice, Thompson has failed to state in his brief what he would have alleged in an amended complaint.

Thompson argues that his complaint should not have been dismissed as frivolous because there unresolved disputed issues of material fact. Thompson does not identify those unresolved issues.

Thompson complains that he should have been permitted to have free use of indigent legal supplies and services. Thompson does not argue that he was harmed because he did not have access to such supplies and services.

The district court did not abuse its discretion in dismissing the complaint as frivolous. The appeal is frivolous and is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Thompson is cautioned that any future frivolous appeals or pleadings filed by him or on his behalf will invite the imposition of a sanction. Thompson should therefore review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.