IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31356
Conference Calendar

_____

LOUIS G. HUDSON,

                                        Plaintiff-Appellant,

versus

WESLEY LAMARTINIERE,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-521
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Louis G. Hudson, Louisiana inmate # 294158, proceeding *pro se* and *in forma pauperis* (IFP), appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief could be granted. We review the dismissal of a prisoner's IFP complaint as frivolous for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review the district court's dismissal of a prisoner's

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP complaint for failure to state a claim under the *de novo* standard that is used to review a dismissal pursuant to Fed. R. CIV. P. 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Hudson contends that the district court erred by dismissing his complaint without effecting service of process and without notifying Hudson that it had ordered service on the defendant. The Prison Litigation Reform Act (PLRA) amended § 1915 to require the district court to dismiss a prisoner's IFP civil rights suit "at any time" if the court determines that the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.  § 1915(e)(2)(B).

Hudson contends that the defendant retaliated against him for signing an inmates' petition that alleged official misconduct.  Hudson alleged that the defendant verbally threatened him with retaliatory conduct.  Allegations of verbal threats do not rise to the level of a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (pretrial detainee)(allegations of verbal abuse and threats by prison officials do not state a claim under § 1983).

Hudson contends that his constitutional rights were violated when his administrative complaint was rejected as untimely.  To obtain relief under § 1983, the plaintiff must demonstrate the violation of a constitutional right.  *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).  Hudson has not asserted an actionable claim of denial of access to the court.  *See Henthorn v. Swinson*,

955 F.2d 351, 354 (5th Cir. 1992) (A claim of denial of access to the court requires a showing that the claimant's legal position was prejudiced by the alleged violation.).

Hudson has not alleged facts showing that he suffered a constitutional violation. The district court did not abuse its discretion in dismissing his § 1983 complaint pursuant to § 1915(e)(2)(B).

Hudson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal in the district court of the complaint as frivolous count as two separate "strikes" for purposes of 28 U.S.C. § 1915(g). We caution Hudson that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

DISMISSED AS FRIVOLOUS; WARNING ISSUED.