IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21069
Conference Calendar
_____

LESLIE WILLIAM MORGAN,

                                        Plaintiff-Appellant,

versus

GEORGE H. GODWIN; CHARLES BACARISSE;
JOHN B. HOLMES; SCOTT ANTHONY DURFEE;
JAY S. SISKIND; JAMES MICHAEL LEITNER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1205
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

    Leslie William Morgan, Texas prisoner # 677163, appeals the
dismissal of his civil rights action under 42 U.S.C. § 1983 as
frivolous under 28 U.S.C. § 1915(e)(2)(B).  To prevail on his
denial-of-access-to-the-courts claim, Morgan must show that his
legal position was prejudiced by the alleged violation.  Henthorn
v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992).  Neither in his
original complaint nor on appeal has Morgan specifically stated

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

which claims he was prevented from presenting to the courts by the members of the alleged conspiracy.  The district court did not err in dismissing his claims under § 1915(e)(2)(B) because his conclusional allegations were insufficient to state a claim under § 1983.  See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  Morgan's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

Morgan had, prior to the filing of this suit, one verified strike.  Morgan v. Coker, No. 97-20300 (5th Cir. Aug 13, 1998) (unpublished).  Because of the district court's dismissal as frivolous of the original action and this court's dismissal as frivolous of the appeal, Morgan has now acquired two more strikes.  He may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  See  28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.