**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-40362

(Summary Calendar)

_____

DARNELL SMITH,

Plaintiff-Appellant,

versus

ALLEN POLUNSKY; FRANK HOKE; SABA ENCINIS, JR.;
JULIA Z. LOPEZ; OPAL STEVENS; WILLIAM E. NEWSOM;
GILBERT CERVANTES; DENNIS PHIPPS,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-99-CV-501

September 5, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Darnell Smith, Texas prisoner # 666016, appeals the district court's dismissal of his 42 U.S.C.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983 claim of denial of access to the courts as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We affirm the judgment of the district court.

Prior to filing this § 1983 suit, Smith filed another civil rights action against various prison officials. The district court dismissed the case as frivolous in 1998. Smith then filed a 52-page appellate brief, as well as a motion to file a brief in excess of the page limitation, in this Court. We denied Smith leave to file his lengthy brief and ordered him to file a brief that complied with our thirty-page limit. When Smith failed to file a complying brief, we dismissed his appeal for want of prosecution (Case No. 98-41090) .

Smith then filed the instant § 1983 suit in the district court, alleging that several prison officials denied him access to the courts by interfering with his ability to file a proper appellate brief in case No. 98-41090. Specifically, Smith contended that prison officials interfered with his ability to file his original and edited appellate briefs in that case by (1) removing Shepards volumes from the law library, (2) denying him access to the *Spears* hearing tapes from his underlying lawsuit; (3) refusing to provide requested supplies; (4) seizing his legal materials during an alleged ransacking of his cell; (5) denying him regular visits to the prison library; (6) placing him in administrative segregation during the time that his original brief was due, (7) transferring him to a medical unit for three days while he was under a deadline to reduce the length of his brief, (8) denying him access to the law library and legal materials for seven days during a prison lockdown following a riot, and (9) denying him sufficient time to meet with a fellow prisoner who was assisting him in editing his brief.[1]

---

[1] Smith also alleged a state tort claim for intentional infliction of emotional distress, but the district court declined to exercise supplemental jurisdiction over this claim. Because Smith fails to address this claim on appeal, we consider his state tort claim abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

The district court, adopting the report and recommendation of the magistrate judge, dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). The court found that Smith had not shown that he was prejudiced in the prosecution of his appeal by any of the alleged actions of the defendants. Smith filed this timely appeal.

A district court can *sua sponte* dismiss a complaint filed *in forma pauperis* if the complaint is frivolous. *See* 28 U.S.C. § 1915(d). "A complaint is frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). We review dismissals under § 1915(d) for abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Prisoners have a constitutionally protected right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "While the precise contours of this right are somewhat obscure, the Supreme court has not extended the right to encompass more than the ability to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). To prevail in a denial-of-access claim, a plaintiff must show actual prejudice. *See Lewis*, 518 U.S. at 350-51.

Here, Smith's argument that prison officials' actions—including the alleged ransacking of his cell, changing of the Shepardizing system in the prison library, denial of prison supplies, denial of access to the prison library, and placement of Smith in administrative segregation—prevented him from filing his original brief in this court is belied by the fact that Smith filed a timely original brief in case No. 98-41090. That brief was rejected solely as exceeding the page limitation, and Smith fails to explain how the above actions by prison officials could have resulted in an excessively lengthy brief. Similarly, Smith's argument that officials impeded his ability to draft his original brief by

blocking his access to the *Spears* hearing tapes is undermined by the numerous citations to the *Spears* hearing in his original brief.

The remainder of Smith's arguments concern his alleged inability to edit his 52-page brief so as to submit a timely conforming brief. To the extent that Smith points to a lockdown following a prison riot and a medical trip to the hospital for treatment of an ankle injury—and his denial of access to legal materials during these events—as preventing him from filing his edited brief, neither of these events can be attributed to the defendants as part of an alleged scheme to deprive Smith of access to the courts. *See Lewis*, 518 U.S. at 362 ("[S]o long as [prison lockdowns] are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury."). We further note that, even accepting all of his allegations as true, Smith had four days to simply reduce the length of his brief; he did not need access to legal materials or the prison library in order to complete this task.[2]

Smith's contention that prison officials improperly denied him the opportunity to meet with a fellow inmate for assistance in editing his brief is similarly without merit. "Prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right to access to the courts is not infringed." *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).

Smith is unable to demonstrate that his access to the court was compromised or, perhaps more significantly, that he was prejudiced by any alleged denial of access to the court. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (finding that to demonstrate that his constitutional right

---

[2] We note, as did the magistrate judge, that the alleged conduct of prison officials did not prevent Smith from filing a motion for an extension of time in which to file his amended brief and numerous inmate statements. Smith apparently also had access to the supplies, *i.e.* paper and envelopes, necessary to file these documents.

of access to the court was violated, a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access). Accordingly, the district court did not abuse it's discretion in dismissing his § 1983 claim as frivolous. AFFIRMED.