United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20411
Summary Calendar
_____

RUDOLPH FOLEY,

                                        Plaintiff-Appellant,

versus

LYNN N. HUGHES, U.S. District Judge;
FORTUNATO P. BENAVIDES, U.S. Circuit Judge;
JODI T. RODRIGUE, Deputy Clerk, U.S. Court
of Appeals Fifth Circuit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-718
--------------------

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Rudolph Foley, Texas prisoner #1005227, appeals the

dismissal as frivolous of his 42 U.S.C. § 1983 complaint.  In his

complaint, he alleged that District Court Judge Lynn N. Hughes

erred in failing to transfer his successive 28 U.S.C. § 2254 to

this court for the purpose of obtaining permission to file a

successive 28 U.S.C. § 2254.  He averred that Judge Fortunato P.

Benavides erred in denying his certificate of appealability

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COA). Lastly, Foley alleged that Rodrigue was liable for failing to instruct him that he should file a motion for authorization to file a successive 28 U.S.C. § 2254.

Foley does not argue that the district court erred in finding that Judge Benavides was entitled to absolute immunity. Accordingly, Foley is deemed to have abandoned the claim on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Foley avers that the district court erred in failing to give him an opportunity to amend his complaint so as to state a cause of action against Rodrigue. Foley has not alleged an arguable constitutional claim nor has he asserted any further facts that he could have alleged in an amended complaint which would have sustained an arguable claim against Rodrigue. See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Thus, the district court did not err in dismissing Foley's complaint without affording him the opportunity to amend his complaint.

Judge Hughes's failure to transfer Foley's 28 U.S.C. § 2255 petition to this court was performed in the exercise of his judicial function. Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). Thus, the district court did not err in finding that Judge Hughes was entitled to absolute immunity.

As Foley complained of Rodrigue's performance of her routine duties of notifying him to file a motion for authorization to file a successive 28 U.S.C. § 2254 petition, Rodrigue was entitled only to qualified immunity from suit. Williams v. Wood,

612 F.2d 982, 985 (5th Cir. 1980).  Nevertheless, Foley has not shown reversible error because he cannot demonstrate prejudice as a result of Rodrigue's failure to advise him to file a motion for authorization to file a successive 28 U.S.C. § 2254 petition. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992).  Nothing prevented Foley from filing a motion for authorization to file a successive 28 U.S.C. § 2254 petition.  In that motion, he could have argued, as he does on appeal, that his second 28 U.S.C. § 2254 petition was based on newly discovered evidence.

Based on the foregoing, the judgment of the district court is AFFIRMED.  The district court's dismissal of Foley's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Foley is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.