# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2011

No. 08-20822
Cons. w/ 09-20008

Lyle W. Cayce
Clerk

PETE JOE VILLEGAS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4483

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pete Joe Villegas, currently federal prisoner # 20355-179, appeals the dismissal of his 28 U.S.C. § 2254 petition, wherein he challenged the State's revocation of his parole from a 1996 drug conviction. The district court dismissed the petition after determining that Villegas's re-release on parole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-20822
Cons. w/ 09-20822

rendered it moot. Because Villegas is still subject to the State's oversight on parole, however, we REVERSE.

Villegas was originally released on parole in 2001. Nearly two years later he was indicted on federal firearms charges, and the State moved to revoke his parole. Those proceedings were suspended until after Villegas was convicted of the federal charges in 2005. The State reconvened the revocation proceeding in early 2006, and Villegas's parole was revoked based on the federal conviction. Villegas was then returned to State custody on the revocation sentence. He unsuccessfully challenged the parole revocation in state habeas proceedings before filing the instant § 2254 petition. While that petition was pending, the State again released Villegas on parole. Because of a federal detainer, Villegas was placed in federal custody due to the firearms conviction. He has a projected release date in May 2021.

The record shows that although Villegas is now in federal prison, he is simultaneously still on parole for the state offense. Due to his parole revocation and the loss of credit for time previously served on parole, *see* TEX. GOV'T CODE ANN. § 508.283(c), Villegas's maximum parole discharge date has been extended by nearly two years from March 2016 to February 2018.

The district court dismissed the § 2254 petition as moot, reasoning that because of his release from the revocation sentence, Villegas no longer has a live case or controversy. We granted a certificate of appealability (COA) on the issue whether the case is not moot because the parole revocation extended Villegas's maximum parole discharge date.

Article III, § 2, of the Constitution requires that litigants continue to have a personal stake in the outcome of a suit throughout all stages of federal judicial proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be

No. 08-20822
Cons. w/ 09-20822

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990)).  With respect to an inmate who has been released on parole, the requirement for a live case or controversy requires the now-released inmate to demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction[.]"  *Id.* at 7, 118 S. Ct. at 983.

Here, because of the revocation of his parole, Villegas's maximum parole discharge date was extended by nearly two years, and his parole supervision remains in effect despite his re-release from the revocation sentence.  The extension of Villegas's parole discharge date is a collateral, if not direct, consequence of the parole revocation.  Villegas is therefore unlike the inmate in *Spencer* whose challenge to a parole revocation after he had completed the terms of that revocation was moot.  *See id.* at 14–17, 110 S. Ct. at 986–88.

The State concedes that the extension of Villegas's maximum parole release date ordinarily would prevent his challenge from being moot as long as he continued serving his parole.  The State argues, however, that Villegas's federal incarceration distinguishes this case and that the federal imprisonment means that Villegas's state sentence will never operate against him because the state sentence will expire before he is released from federal custody.  We are unpersuaded.

There is no dispute that Villegas was released on parole subject to the federal detainer and that he nonetheless remains subject to the State's parole oversight.  The State cites no authority showing that the fact that Villegas is also in federal custody on the federal sentence would diminish the State's oversight or preclude the State from seeking to revoke Villegas's parole should he violate its terms.  *See Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973)

3

No. 08-20822
Cons. w/ 09-20822

(holding that State was permitted to file parole revocation detainer against inmate while inmate was serving a federal sentence for conviction obtained after the state parole); *cf. United States v. Skinner*, 14 F.3d 52, 1993 WL 560262, at * 2 (5th Cir. 1993) ("The [federal] Parole Board may, as it did in this case, place a parole violator warrant on a [state] prisoner as a detainer then wait to execute the warrant until the prisoner has completed his sentence for any crimes he committed while on parole."); *see* 5TH CIR. R. 47.5.3 (unpublished opinions issued before January 1, 1996, are precedential). It is well established that the State and Federal governments are dual sovereigns who may enforce their respective laws and interests separately. *See, e.g., Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S. Ct. 792, 795 (1990) ("[U]nder our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause."). Therefore, because Villegas is subject to state parole oversight for a longer period than if there had been no revocation, and his parole term has not ended, Villegas's § 2254 petition challenging the parole revocation is not moot. We therefore reverse the district court's judgment and remand for further proceedings on the merits of Villegas's petition.

Villegas argues that the district court erroneously denied him leave to amend his § 2254 petition. We lack jurisdiction to consider this argument, however, because it was not included within the scope of the COA. *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009).

REVERSED and REMANDED.

4