### Pete Joe VILLEGAS, Plaintiff–Appellant

v.

**JOE CORELY DETENTION FACILITY; Chris Strickland; Geo Group, Incorporated, Private Corporations(s); FNU Mosely; FNU Dickey; FNU Ta-**

**pia; FNU Kibble; Unknown Employees of Corporation(s), sued in their individual and official capacities; FNU Mayo, Defendants–Appellees.**

No. 13–20389
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 25, 2014.

Pete Joe Villegas, Beaumont, TX, pro se.

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM: *

Pete Joe Villegas, federal prisoner # 20355–179, brought this civil rights action alleging that he had been deprived of his right of access to the courts due to the lack of an adequate prison library and to the actions of the defendants in taking his legal materials from him. More specifically, Villegas alleged that the defendants' actions and omissions resulted in his inability to meet deadlines and respond timely to court orders in a 28 U.S.C. § 2254 proceeding challenging a state parole revocation and to file a timely 28 U.S.C. § 2255 motion challenging federal firearms convictions that served as the basis for the parole revocation.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Our de novo review leads us to conclude that there is no merit to Villegas's contention that the district court erred by dismissing the complaint for failure to state a claim. *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005). With regard to the underlying § 2254 proceeding, we previously reversed a mootness ruling and remanded in order that Villegas might proceed to seek § 2254 relief. *See Villegas v. Thaler,* 480 Fed.Appx. 761, 762 (5th Cir. 2011). Villegas has taken no further steps in the § 2254 case since the remand order, however, and he does not assert that anyone or anything has prevented him from doing so. Villegas therefore fails to allege facts showing that he has been prejudiced in any way by anything the defendants did or omitted to do in connection with his § 2254 proceeding. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Henthorn v. Swinson,* 955 F.2d 351, 354 (5th Cir.1992). With regard to the underlying § 2255 proceeding, the complaint contains no allegations of fact that would support a finding that Villegas was deprived of either law library access or his legal materials as the result of intentional effort by any defendant to impede him. *See Morris v. Livingston,* 739 F.3d 740, 745 (5th Cir.2014); *Jackson v. Procunier,* 789 F.2d 307, 312 (5th Cir. 1986).

We reject also the contention that Villegas should have been given the opportunity to amend his complaint. As Villegas had alleged his best case, denying him an opportunity to amend was not error. *See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998).

Additionally, we reject the argument that it was an abuse of discretion to deny Villegas's Federal Rule of Civil Procedure 60(b) motions. Villegas identifies no basis for concluding that the district court abused its discretion. *See Brinkmann v.*

*Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

AFFIRMED.