# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60849

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2017

Lyle W. Cayce
Clerk

CURTIS EVANS,

Plaintiff-Appellant

v.

MARSHALL FISHER, Commissioner, Mississippi Department of Corrections;
ROBERTS, Case Manager,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-494

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Curtis Chrishaun Evans, Mississippi prisoner # L-2500, sued certain prison officials under 42 U.S.C. § 1983 for allegedly violating his due process and equal protection rights. Evans complains that prison officials failed to annually review his custodial classification and recommend that he be re-classified to medium-security status. The district court initially allowed Evans to file suit in forma pauperis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60849

The district court determined that Evans failed to state a claim for any constitutional violation and that his claims were "frivolous" within the meaning of 28 U.S.C. § 1915(e). A filing is "frivolous" if it "lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *See Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). The district court warned Evans that its dismissal counts as a "strike" under the Prison Litigation Reform Act. This was his third strike. *See Evans v. Fisher*, No.15-60508, 2016 WL 5874836, at *2 (5th Cir. Oct. 7, 2016) (notifying Evans that he had at least two strikes).

When Evans sought to appeal and proceed in forma pauperis, the district court certified that Evans was not appealing in good faith. *See* § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). In other words, the district court determined that Evans's appeal, like his complaint, was "frivolous." The district court did not consider Evans's ability to pay the costs of an appeal because, as we have already explained to Evans, if his appeal is frivolous, it is irrelevant whether he is unable to pay court costs. *See Evans*, 2016 WL 5874836, at *1. "A claimant may appeal in forma pauperis only if he meets *three* requirements," including good faith or non-frivolousness. *Id.* (emphasis added).

Evans now challenges the district court's refusal to allow him to appeal in forma pauperis. He argues that the district court's decision was "wrong" because "nothing has changed [with his] inmate account," and he is not receiving any more money than he had when he originally filed his complaint. Again, because Evans fails to dispute the frivolousness of his appeal, his inability to pay court costs is irrelevant. We therefore DENY his motion to

No. 15-60849

proceed in forma pauperis and DISMISS his appeal as frivolous. This dismissal counts as Evans's fourth strike under 28 U.S.C. § 1915(e).

The Prison Litigation Reform Act prohibits a prisoner who has pursued three or more frivolous suits or appeals from suing or appealing again "unless the prisoner is under imminent danger of serious physical injury." *Id.* We now BAR Evans from proceeding in forma pauperis in any civil action or appeal while he is detained in any facility unless he is under imminent danger of serious physical injury. We WARN Evans that any more frivolous, repetitive, or otherwise abusive filings will result in sanctions, such as dismissal, monetary fines, and restrictions on his ability to file pleadings in this court and any court subject to our jurisdiction. We also WARN Evans to review any pending suits or appeals he has already filed and move to dismiss those that are frivolous.